UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　Respondent,<br><br>　　v.<br><br>DEANDRE LORNELL BROWN,<br><br>　　　　　　Movant. | Case No. 2:09-cr-00533-JAM-JDP (HC)<br><br>ORDER GRANTING MOVANT'S MOTION TO EXPAND THE RECORD<br><br>ECF No. 164<br><br>FINDINGS AND RECOMMENDATIONS THAT MOVANT'S SECTION 2255 MOTION BE DENIED<br><br>ECF No. 163 |

　　Deandre Lornell Brown ("movant") has filed a motion to vacate, set aside, or correct his sentence pursuant to section 2255. ECF No. 163. He argues that his trial counsel rendered ineffective assistance by failing to advise him accurately during plea negotiations. *Id*. at 14. Movant argues that had his counsel informed him of the risks of going to trial, there is "a reasonable probability that [he] would have enter[ed] an open plea and received a lesser sentence thereby . . . ." *Id*. The United States has filed an opposition, ECF No. 172, and movant has filed a reply, ECF No. 178. I recommend that the motion be denied.

**Background**

　　In September 2010, after a jury trial, movant was convicted of conspiracy to commit sex trafficking of children or by force, fraud, and coercion; sex trafficking of children or by force,

1   fraud, and coercion; and participating in a sex trafficking venture. ECF No. 72.  He was
2   sentenced to 360 months' imprisonment.  ECF No. 99.  Movant appealed, ECF No. 102, and the
3   Ninth Circuit affirmed his conviction but vacated his sentence, since the district court had "failed
4   to ensure that movant read and discussed the presentence report" with his counsel, ECF No. 122
5   at 3.  The Ninth Circuit also found that the sentence violated the parsimony principle, which
6   requires that the sentence be sufficient, but not greater than necessary, to serve the purposes of 18
7   U.S.C. § 3553.  *Id.* at 4.  On November 28, 2017, movant was resentenced by a new district
8   judge, Judge Mendez, to 360 months' incarceration.  ECF No. 138.  That sentence was upheld on
9   appeal.  ECF No. 160.

## Legal Standards

A federal prisoner making a collateral attack against the validity of his or her conviction or sentence must do so by way of a motion to vacate, set aside, or correct the sentence pursuant to 28 U.S.C. § 2255, filed in the court that imposed sentence.  *United States v. Monreal*, 301 F.3d 1127, 1130 (9th Cir. 2002).  Under § 2255, the federal sentencing court may grant relief if it concludes that a prisoner in custody was sentenced in violation of the Constitution or laws of the United States.  *Davis v. United States*, 417 U.S. 333, 344-45 (1974); *United States v. Barron*, 172 F.3d 1153, 1157 (9th Cir. 1999).  To warrant relief, a petitioner must demonstrate the existence of an error of constitutional magnitude that had a substantial and injurious effect or influence on either the guilty plea or the jury's verdict.  *Brecht v. Abrahamson*, 507 U.S. 619, 637 (1993); *see also United States v. Montalvo*, 331 F.3d 1052, 1058 (9th Cir. 2003) ("We hold now that *Brecht's* harmless error standard applies to habeas cases under section 2255, just as it does to those under section 2254.")  Relief is warranted only where a petitioner has shown "a fundamental defect which inherently results in a complete miscarriage of justice."  *Davis*, 417 U.S. at 346.  *See also United States v. Gianelli*, 543 F.3d 1178, 1184 (9th Cir. 2008).

**Ineffective Assistance of Counsel**

Ineffective assistance of counsel claims are governed by the Supreme Court's decision in *Strickland v. Washington*, 466 U.S. 668 (1984). To make out an ineffective assistance of counsel claim, a movant first must prove that counsel's representation was deficient, falling below an objective standard of reasonableness. *Id.* at 688. To meet this requirement, the movant overcome a strong presumption that counsel's conduct fell within "the wide range of professionally competent assistance." *Id.* at 690. Second, the defendant must show that counsel's deficient performance prejudiced the defense. *Id.* To prove prejudice, a "defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.*

Here, the record belies movant's claim that he would have taken an open plea but for his counsel's advice. In an August 2017 letter to Judge Mendez, movant stated that he went to trial because he wanted "the truth to show on the record in this court, that I was lied on . . . [a]lso that I was not what the government said I was." ECF No. 172-1 at 3. Movant went on to conclude that "[t]o this day I stand firm on not being that person." *Id.* These words do not suggest that movant was prepared to enter an open plea and accept responsibility for the crimes of which he was accused. Rather, they indicate that movant viewed the case as a contest of credibility that he stood a reasonable chance of winning. His counsel echoed this view in a trial confirmation hearing, describing the case as "pretty much: [t]hey say [it did happen,] and we say it didn't happen . . . ." *Id.* at 87. Only now, years after losing at trial, does movant claim that he was prepared to enter an open plea. Such self-serving statements are unconvincing and do not carry movant's burden under *Strickland*. *See Turner v. Calderon*, 281 F.3d 851, 881 (9th Cir. 2002) ("[T]o satisfy the 'prejudice' requirement, [Brown] must show that . . . [he] would not have insisted on going to trial."). And, other than those self-serving statements, movant offers no other evidence that might help him satisfy his high burden. *See Padilla v. Kentucky*, 559 U.S. 356, 371 (2010) ("Surmounting *Strickland*'s high bar is never an easy task.").

In making this recommendation, I have considered the declaration at issue in movant's

motion to expand the record. ECF No. 164. Accordingly, it is hereby ORDERED that movant's motion to expand the record, ECF No. 164, is GRANTED.

Further, it is RECOMMENDED that movant's section 2255 motion, ECF No. 163, be DENIED.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within fourteen days of being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   May 10, 2022

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE

4