UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　Plaintiff-Respondent,<br><br>　　v.<br><br>DEANDRE LORNELL BROWN,<br><br>　　　　　Defendant-Movant. | No. 2:09-cr-00533-DAD-JDP (HC)<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS AND DENYING DEFENDANT'S MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE<br><br>(Doc. Nos. 163, 181) |

　　　　Over twelve years ago, on September 21, 2010, movant Deandre Lornell Brown was convicted following a jury trial of conspiracy to commit sex trafficking of children or by force, fraud, and coercion; sex trafficking of children or by force, fraud, and coercion; and participating in a sex trafficking venture. (Doc. No. 72.) On February 28, 2011, movant was sentenced to an aggregate 360-month term of imprisonment, followed by an aggregate 120-month term of supervised release. (Doc. No. 99.) On appeal, the Ninth Circuit affirmed movant's judgment of conviction but vacated his sentence because the district court had "failed to ensure that movant read and discussed the presentence report" with his counsel. (Doc. No 122 at 3.) The Ninth Circuit also concluded that movant's sentence violated the parsimony principle, which requires that the sentence be sufficient, but not greater than necessary, to serve the purposes of 18 U.S.C. § 3553. (*Id*. at 4.) On November 28, 2017, movant was resentenced to the same 360-month term

of imprisonment and that sentence was affirmed on appeal. (Doc. Nos. 138, 160.)

On March 12, 2021, movant Brown filed the pending *pro se* motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. (Doc. No. 163.) After the granting of two extensions of time to do so, on August 30, 2021, the government filed its opposition to the pending motion. (Doc. No. 172.) After the granting of an extension of time to do so, on November 5, 2021, movant filed a reply in support of his motion. (Doc. No. 178.)

On May 11, 2022, the assigned magistrate judge issued findings and recommendations recommending that movant's § 2255 motion be denied. (Doc. No. 181.) The magistrate judge concluded that the record in this case clearly belied movant's conclusory and belated claim that in 2010 his trial counsel purportedly failed to accurately advise him of the possible benefits of entering open pleas of guilty versus proceeding to trial.[1] (*Id.* at 3.)

On May 16, 2022, movant filed timely objections to those findings and recommendations. (Doc. No. 182.)[2] Therein, movant objects to the consideration of his prior statements on the record in this case indicating he wished to go to trial and contends that he is entitled to an evidentiary hearing and that his § 2255 motion should be granted. (*Id.*)[3] The undersigned concludes that movant has provided no basis upon which the pending findings and recommendations should not be adopted.

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), the court has conducted a *de novo* review of the case. Having carefully reviewed the entire file, the court concludes that the

---

[1] On that date the magistrate judge also granted movant's motion to expand the record to include movant's own declaration. (Doc. No. 181 at 3–4.)

[2] On this same date this case was reassigned to the undersigned district judge. (Doc. No. 239.)

[3] In his objections, movant refers to a Sixth Circuit decision, possibly suggesting the possibility that he would have pursued a plea under the terms of the decision in *North Carolina v. Alford*, 400 U.S. 25 (1970). (Doc. No. 182 at 3–4 & n.2.) An *Alford* plea generally refers to a guilty plea entered by a defendant who wishes to expressly maintain his innocence. However, in this regard, any such claim being advanced by movant is completely conclusory in nature. Moreover, the district court has a great deal of discretion as to whether to accept an *Alford* plea. *See United States v. McGill*, 128 F. Supp. 3d 863, 871–74 (E.D. Pa. 2015). Movant has failed to present any allegation or evidence that an *Alford* plea, if sought by him, would have been accepted by the district court in this case.

pending findings and recommendations are supported by the record and proper analysis. *See Turner v. Calderon*, 281 F.3d 851, 879 (9th Cir. 2002) ("to satisfy the 'prejudice' requirement, [the movant] must show that . . . [he] would not have insisted on going to trial"); *United States v. Berry*, 814 F.2d 1406, 1409 (9th Cir. 1987) (rejecting a conclusory ineffective assistance of counsel claim were the transcript of proceedings before the district court belied his claim); *Stein v. United States*, 390 F.2d 625, 627 (9th Cir. 1968) ("It is well-established that mere conclusory allegations are not sufficient to warrant relief under a § 2255 motion."); *see also James v. Borg*, 24 F.3d 20, 26 (9th Cir. 1994) ("conclusory allegations [of ineffective assistance of counsel] which are not supported by a statement of specific facts do not warrant habeas relief.").[4]

Having concluded that the pending motion must be denied, the court also declines to issue a certificate of appealability. In this regard, a movant cannot appeal from the denial or dismissal of her § 2255 motion unless she has first obtained a certificate of appealability. *See* 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b). To obtain a certificate of appealability under 28 U.S.C. § 2253(c), a movant "must make a substantial showing of the denial of a constitutional right, . . . includ[ing] showing that reasonable jurists could debate whether (or, for that matter, agree that) the [motion] should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 483–84 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 & n.4 (1983)). In this case, reasonable jurists cannot debate that movant's § 2255 motion should be denied. Therefore, this court will decline to issue a certificate of appealability.

For these reasons:

1. The findings and recommendations filed on May 11, 2022 (Doc. No. 181) are adopted in full;

2. Movant's motion to vacate, set aside or correct sentence under 28 U.S.C. § 2255 (Doc. No. 163) is denied;

/////

---

[4] The court notes that, regrettably, movant's trial counsel in this case passed away in June of 2021.

3

3. The court declines to issue a certificate of appealability under 22 U.S.C. § 2253(c); and

4. The Clerk of Court is directed to close this case.

IT IS SO ORDERED.

Dated:  **March 1, 2023**

*Dale A. Drozd*
UNITED STATES DISTRICT JUDGE

4