UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>DEANDRE BROWN,<br><br>Defendant. | No. 2:09-cr-00533-DAD<br><br>ORDER DENYING DEFENDANT BROWN'S MOTION FOR A REDUCTION OF SENTENCE UNDER 18 U.S.C. § 3582(c)(2)<br><br>(Doc. Nos. 192, 195) |

On June 24, 2024, defendant Deandre Brown filed a *pro se,* handwritten motion seeking a reduction of his sentence pursuant to 18 U.S.C. § 3582(c)(2) based on Part A of Amendment 821 to the U.S. Sentencing Guidelines (U.S.S.G.). (Doc. No. 192.) On June 26, 2024, the motion was referred by minute order to the Office of the Federal Defender ("FDO") for possible assumption of representation. (Doc. No. 193.) On July 23, 2024, the FDO filed a notice with the court indicating that it would not be assuming defendant's representation in connection with the pending motion. (Doc. No. 196.) On August 13, 2024, the government filed an opposition to defendant's motion. (Doc. No. 198.) Defendant Brown did not file a reply.

Because defendant Brown is not eligible for the relief he seeks pursuant to § 3582(c)(2), the court will deny the pending motion to reduce his sentence.

/////

/////

1

**BACKGROUND**

On September 21, 2010, following a jury trial, defendant Brown was found guilty of conspiracy to commit sex trafficking of children by force, fraud, and coercion in violation of 18 U.S.C. § 371, sex trafficking of children by force, fraud, and coercion in violation of 18 U.S.C. 1591(a)(1), and participating in a sex trafficking venture in violation of 18 U.S.C. 1591(a)(2), as charged in counts 1 through 5 of the indictment in this case. (Doc. Nos. 68, 72.)

The presentence report ("PSR") prepared in defendant's case calculated his total offense level as 42 and his criminal history category as III (based on a finding of 4 criminal history points as to his prior criminal convictions plus 2 status points for a total criminal history score of 6), resulting in an advisory sentencing guideline range calling for a term of imprisonment of between 360 months and life.[1]  (PSR at 10–19, 24, 30.)  On February 28, 2011, defendant was sentenced to the statutory maximum term of 60 months on Count 1 and 360 months on each of Counts 2, 3, 4, and 5 (each of which were punishable by 10 years to life imprisonment), with those terms to run concurrently to one another, for a total term of 360 months in the custody of the U.S. Bureau of Prisons. (Doc. Nos. 99, 101.)  Judgment was entered on March 3, 2011.  (Doc. No. 101.)  Defendant appealed his conviction and sentence.  (Doc. No. 102.)  The Ninth Circuit affirmed defendant's convictions but remanded to the district court for re-sentencing.  (Doc. No. 122.)  On November 28, 2017, a re-sentencing hearing was held.  (Doc. No. 138.)  At that time the court adopted the PSR without change as to the defendant's offense level or criminal history category and reimposed the same term of imprisonment, sentencing him to 60 months on Count 1 and 360 months on each of Counts 2, 3, 4 and 5 to run concurrently to one another for a total term of imprisonment of 360 months.  (Doc. No. 139.)  After holding an evidentiary hearing regarding restitution, the Court issued a second amended judgment on February 21, 2018.  (Doc. No. 151.)

Defendant Brown contends that he is eligible for a sentence reduction based on Part A of Amendment 821 and U.S.S.G § 4A1.1(e).  (Doc. No. 192 at 2.)  That new provision reduced the

---

[1] When defendant Brown was sentenced in February 2011, presentence reports were not filed under seal on the public docket as they are today.  The court has obtained a copy of that presentence report from the Probation Office of this district and has reviewed it, as indicated in this order.

2

number of criminal history points for defendants who had received "status points" under U.S.S.G. § 4A1.1 because they had committed their offense while under a criminal justice sentence and allowed for a reduction of their sentence if otherwise eligible for that relief.

## ANALYSIS

"A federal court generally 'may not modify a term of imprisonment once it has been imposed.'" *United States v. Aruda*, 993 F.3d 797, 799 (9th Cir. 2021) (quoting *Dillon v. United States*, 560 U.S. 817, 819 (2010)); *see also* 18 U.S.C. § 3582(c); *United States v. Tadio*, 663 F.3d 1042, 1046 (9th Cir. 2011); *United States v. Barragan-Mendoza*, 174 F.3d 1024, 1028 (9th Cir. 1999) ("[D]istrict courts do not have 'inherent authority' to reconsider sentencing orders."). "But this general rule is subject to several exceptions." *United States v. Keller*, 2 F.4th 1278, 1281 (9th Cir. 2021). One of those exceptions is found in 18 U.S.C. § 3582(c)(2), which provides:

> in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. § 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(2).

District courts are to engage in a "two-step inquiry" in determining whether a sentence reduction is appropriate under 18 U.S.C. § 3582(c)(2). *United States v. Brito*, 868 F.3d 875, 879 (9th Cir. 2017) (citing *Dillon*, 560 U.S. at 826). "First, a district court must determine whether a prisoner is eligible for a sentence reduction under the Commission's policy statement in § 1B1.10." *Id.* (citing *Dillon*, 560 U.S. at 827). "Second, a district court must 'consider any applicable § 3553(a) factors and determine whether, in its discretion, the reduction authorized by reference to the policies relevant at step one is warranted in whole or in part under the particular circumstances of the case.'" *Id.* (quoting *Dillon*, 560 U.S. at 827). The Ninth Circuit has "called these steps the 'eligibility prong' and the 'discretionary prong.'" *Id.* (quoting *United States v. Dunn*, 728 F.3d 1151, 1157 (9th Cir. 2013)).

/////

1   As noted, defendant Brown asserts that he is eligible for a reduction of his sentence based
2   on Part A of Amendment 821.  (Doc. No. 86 at 1.)² The government correctly notes that under
3   the new U.S.S.G. § 4A1.1(e), defendant would not be assessed any status points rather than the 2
4   he received at the time of his re-sentencing, thereby reducing his criminal history category from a
5   category III to a category II, but that with his offense level of 42, his advisory sentencing
6   guideline range calling for a sentence of 360 months to life imprisonment would remain
7   unchanged.  (Doc. No. 198 at 4–5.)  Thus, defendant Brown is ineligible for relief under 18
8   U.S.C. § 3582(c)(2).  *See United States v. Muniz*, No. 21-20168-CR-Scola, 2024 WL 3845344, at
9   *2 (S.D. Fla. Aug. 16, 2024) ("§ 4A1.1's new status-point-rules have no bearing on Garcia
10  Muniz's criminal history category.  With his criminal history category unchanged, Garcia
11  Muniz's guideline range remains the same.  As such, he is ineligible for a sentence reduction.")

12  Because defendant Brown is ineligible for a modification of his sentence based on
13  Amendment 821, the court need not proceed to the second step of the § 3582(c)(2) analysis to
14  consider again the § 3553(a) sentencing factors.  *Dillon*, 560 U.S. at 826–27.  The pending motion
15  for a sentence reduction will therefore be denied.

16  Finally, on June 27, 2024, defendant Brown filed a three-page, handwritten document
17  with the court in which he claims and/or suggests that witnesses and law enforcement officers lied
18  during the proceedings in this case and that federal prosecutors knowingly presented that false
19  testimony, all resulting in what he argues was his unjust conviction and sentence.  (Doc. No. 195.)
20  In this filing it does not appear that defendant Brown requests any specific relief, instead asking
21  the court merely to "look into everything."  (*Id*. at 4.)  The court will disregard this filing and
22  /////

23  

---

24  ² Although defendant does not seek a sentence reduction pursuant to Part B of Amendment 821,
25  it is also clear that he is ineligible for relief under that provision.  Part B of Amendment 821 reduces the guideline offense level for those defendants who had no criminal history points—so-
26  called zero-point offenders.  However, as noted, defendant's PSR reflects that he was found to have 4 criminal history points based upon his prior criminal convictions.  Accordingly, defendant
27  is also ineligible for a reduction of his sentence under U.S.S.G. § 4C1.1.  *See United States v. Ceasar*, No. 19-402-03, 2024 WL 3729857, at *2 (E.D. Pa. Aug. 8 2024) ("Even one criminal
28  history point renders a defendant ineligible for a reduction in sentence under U.S.S.G. § 4C1.1.").

direct that it be terminated without prejudice to a proper motion requesting relief that is authorized by law.

**CONCLUSION**

For the reasons explained above, defendant Brown's motion for a reduction of his sentence pursuant to § 3582(c)(2) is denied. (Doc. No. 192.) The court also directs the Clerk of Court to terminate defendant's filing of June 27, 2024 (Doc. No. 195) without prejudice. Finally, the Clerk of the Court is directed to close this case once again.

IT IS SO ORDERED.

Dated: **November 25, 2024**

DALE A. DROZD
UNITED STATES DISTRICT JUDGE

5